Suwardi Taswin TEE, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03-71362.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Submitted Aug. 9, 2004.*

Decided Aug. 17, 2004.

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Earle B. Wilson, Esq., Leslie McKay, U.S.

Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Suwardi Taswin Tee, native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence a denial of asylum and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition.

Tee testified that when he was a child, other children harassed or discriminated against him based on his Chinese ethnicity, and that when he was a freshman in high school he was the victim of an attempted robbery. Tee also testified that he returned to Indonesia after attending college in the United States, and had returned on two subsequent occasions after visiting the United States. The IJ properly concluded that the events, as Tee described them, did not rise to the level of persecution, *see Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995), and that Tee's fear of future persecution was not objectively well-founded,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*see Ghaly, v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995).

Because the evidence does not compel the conclusion that Tee was persecuted or has a well-founded fear of persecution on account of an enumerated ground, the IJ's determination that he failed to establish eligibility for asylum is supported by substantial evidence. *See Acewicz v. INS,* 984 F.2d 1056, 1061–62 (9th Cir.1993). It follows that he failed to meet the more stringent standard for withholding of removal. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000).

As Tee points to no additional evidence the IJ should have considered regarding the likelihood he would be tortured if returned to Indonesia, Tee's CAT claim must also fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.